U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JUL 26 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ALBERT LEE DAVIS, SR. | CIVIL ACTION  NO. 11-CV-356 |
| VERSUS | JUDGE MELANCON |
| BRENDA DUCOTE, ET AL | MAGISTRATE JUDGE HANNA |

## *REPORT AND RECOMMENDATION*

On March 3, 2011, Albert Lee Davis filed a handwritten "Discrimination Complaint" alleging racial discrimination by his former landlords. [Rec. Doc. 1] Although not at all clear, the claims appear to be based on provisions of the Fair Housing Act [42 U.S.C. §3601 et seq.]  The plaintiff paid the appropriate filing fees, and summons were issued to the defendants.   On August 1, 2011, the Clerk issued a Notice of Intent to Dismiss for Failure to Prosecute under LR41.3. [Rec. Doc. 6] On August 23, 2011, the action was dismissed. [Rec. Doc. 8] On October 28, 2011, Davis filed a handwritten document which was interpreted as a Motion to Reopen/Reinstate his Case. [Rec. Doc. 11] In that document, Davis gave notice of a change of his address.  The case was reopened/reinstated by Order on October 28, 2011, with the Court finding that "plaintiff has shown good cause or excusable reason for failing to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.". [Rec. Doc. 12]

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. 1915(e)(2)(B) was set for February 29, 2012, but that hearing was cancelled after answers were filed by the defendants and issue was joined. Instead, a telephone status conference was set for March 8, 2012, for the parties to discuss with the undersigned the claims before the court and the general status of the case. [Rec. Doc. 20, 23] In the telephone conference, the unrepresented plaintiff confirmed that he had received the court's Scheduling Order, and the undersigned stressed the importance of abiding by all deadlines set out therein. Specific discussion was had regarding the procedure and formatting for the Rule 26 Report required in the Scheduling Order.  The parties were reminded that the report must be submitted jointly, using the form provided with the scheduling order. [Rec. Doc. 25] Mr. Davis confirmed his understanding of the requirements of the Scheduling Order and the specific requirements for the joint preparation and submission of the Rule 26(f) Report by the parties.

Despite repeated attempts by defense counsel and a telephone call from the chambers of the undersigned to obtain the plaintiff's Rule 26(f) inserts for inclusion in the required joint report, no submissions were ever made by the plaintiff.  Defendant finally submitted the Rule 26(f) report, without input from the plaintiff.  (Attached)

On receipt of the defense-generated report, which failed to comply with the requirements for a 'joint' submission, Mr. Davis was ordered to appear before the undersigned on June 27, 2012, to show cause why his claims should not be dismissed pursuant to provisions of Fed. R. Civ. P. 41, for his failure to comply with the rules of the court.[Rec. Doc. 28]  On June 15, 2012, the hearing was reset for July 25, 2012. [Rec. Doc. 29]

On July 25, 2012, the undersigned called the matter for hearing.  Mr. Davis was not present in court.  He had made no contact with the court or defense counsel in advance of the hearing date, and he had not acted to comply with the requirements of the Scheduling Order.  He had not participated with defense counsel in any way to further this litigation. In review of the record at the hearing, the court noted that Mr. Davis has filed three requests for appointment of counsel in this matter; all of which were denied as he failed to demonstrate efforts to obtain counsel despite being instructed to do so.  Based on this case history, the undersigned finds the actions of Davis warrant dismissal of his claims under Rule 41(b).

### Analysis and Discussion

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if the plaintiff fails to prosecute his case, fails to comply with

-3-

the applicable Rules of Civil Procedure, or fails to comply with a court order. It has long been recognized that a federal court has the inherent authority, on its own motion, to dismiss a plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-632 (1962). Dismissal for failure to prosecute is not a question of whether the district court has the power to do so, rather, it is a question of whether it is "within the permissible range of the court's discretion." *Id.,* 370 U.S. at 633.

In *Link*, the Court did not find the district court's dismissal for failure to prosecute an abuse of discretion when plaintiff's *counsel* failed to attend a pre-trial conference. However, "in determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order."[1]

In this case, the plaintiff himself advanced his case without counsel. His case was dismissed once before for failure to prosecute but was reinstated. He filed multiple motions to have court appointed counsel, and when the first two motions were denied because he failed to make any effort to find counsel, he was

---

[1]      *Wade v. Gusman*, No. 06-5698, 2007 WL 1729569, at *2 (E.D. La. June 14, 2007), citing *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978) and *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

given specific instructions on what to do, yet he filed a third motion for

appointment of counsel with no details as to what effort he made beyond the

statement "Legal Services Agencies will not assist me." [Rec. Doc. 27]

In the March 8 conference with the undersigned and defense counsel, Mr.

Davis was given explicit instructions that he needed to participate with defense

counsel in preparation of the Rule 26(f) report and the importance of complying

with the Scheduling Order deadlines. [Rec. Doc. 25]. However, Davis  has chosen

not to participate with defense counsel despite multiple efforts to contact him. (See

defendant's inserts for Rule 26(f) report attached hereto)

Mr. Davis has demonstrated to the satisfaction of the undersigned that he

has understood the court's orders and instructions, illustrated by his compliance

with the court's initial disclosure requirements and his actions to have his case

reinstated upon learning of the earlier dismissal referenced above.  He has also

expressed his understanding of the requirements relative to the Rule 26(f) Report

at issue herein. While the undersigned does not find evidence of bad faith by Mr.

Davis, it is apparent that his actions, or lack thereof, have been undertaken with a

full understanding that those actions are contrary to the court's orders.  Mr.

Davis's failure to cooperate in the completion of the Joint Rule 26(f) Report

cannot be reasonably attributed by the undersigned to confusion or

misunderstanding.

The record of this litigation, set out in detail herein, demonstrates that the court has made every effort to afford  Davis a reasonable opportunity to present his claims.  Despite indulgence, he has disregarded the directives of the court. Therefore, the undersigned does recommend dismissal of his case. However, before dismissing an action with prejudice under Rule 41(b), the court should make express findings concerning whether less drastic sanctions would equally serve the punishment and deterrent aspects of the rule.  See *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237(5th Cir. 1984).

Given that Mr. Davis represents in his complaint that he is disabled, perhaps there is some as yet unidentified reason he has not been compliant with the court's orders or diligent in prosecuting his case. He was given an opportunity to be heard and did not attend, nor did he contact the court to ask for a continuance. Therefore, this Court assumes he has consciously chosen not to advance his case, yet that is an assumption nonetheless. In light of that assumption, this Court recommends the dismissal be without prejudice, which would allow Mr. Davis the opportunity to re-assert the claims in this lawsuit, subject to any defenses that may be appropriate, if he truly wishes to prosecute this action.

-6-

## *Recommendation*

The undersigned finds that Plaintiff, by failing to attend the hearing on July 25, has once again failed to comply with the Court's orders. The undersigned finds the plaintiff has failed to cooperate in the confection of the joint Rule 26(f) Report required in the Scheduling Order, despite the Court's specific instruction that he do so.  The plaintiff has not participated in the discovery process with the defendant and has not even communicated with the defendant or the Court to explain his failure to abide by the Court's orders. In light of the foregoing, the undersigned concludes that Davis has been unmoved by the court's directives. There is no reason to believe that Plaintiff will be more compliant going forward, even if given the opportunity to do so.  The undersigned therefore recommends that the claims of Albert Davis be dismissed, without prejudice, for his failure to comply with the rules of the court, the terms of the court's Scheduling Order and to prosecute his case.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district

-7-

judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on July 26, 2012.


_____
Patrick J. Hanna
UNITED STATES MAGISTRATE JUDGE

-8-